FILED

**NOT FOR PUBLICATION**

NOV 16 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AHMAD SHAPOUR ARIAN, an individual; DEENA ARIAN, an individual, <br><br>                 Plaintiffs - Appellants, <br><br>     v. <br><br> CITY OF LOS ANGELES; CHARLES BECK, as an individual and in his official capacity as Chief of Police; JOSE ANZORA, Serial No. 40848; DANIEL BUNCH, Officer, Serial No. 37019; DEXTER BARRAS, Officer, Serial No. 38028; GARY HANSEN, Officer, Serial No. 39218; ROBERT CHAVIRA, Officer, Serial No. 31281; ROBERT LUNA, Serial No. 32963; ROY GUTHRIE, Sergeant, Serial No. 26211; RYAN SHAFFER, Officer, Serial No. 38771, <br><br>                 Defendants - Appellees. | No. 13-56529 <br><br> D.C. No. 2:12-cv-05261-RGK-PLA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 6, 2015
Pasadena, California

Before: FARRIS, TROTT, and BYBEE, Circuit Judges.

Plaintiffs Ahmad Shapour Arian and Deena Arian appeal the district court's grant of summary judgment to the City of Los Angeles, Chief of Police Charlie Beck, and eight police officers (collectively "Defendants") in a suit arising from the shooting death of their son, Abdul Arian ("Arian"), on April 11, 2012. The facts are known to the parties, and we repeat them here only as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and for the reasons outlined below, we affirm.

First, the district court properly granted Defendants' motion for summary judgment as to Plaintiffs' Fourth Amendment claim. The officers' actions were objectively reasonable "in light of the facts and circumstances confronting them." *Graham v. Connor*, 490 U.S. 386, 397 (1989). As is evidenced from the footage captured by television news helicopters, Arian repeatedly pointed an object that resembled a weapon towards police officers, and the officers had "probable cause to believe" that Arian "pose[d] a significant threat of death or serious physical injury" to the officers or to the civilians at the scene. *Tennessee v. Garner*, 471 U.S. 1, 3 (1985); *see also Scott v. Harris*, 550 U.S. 372, 378–81 (2007). Even

assuming, *arguendo*, that Defendants acted unreasonably under the Fourth Amendment, they would nevertheless be entitled to qualified immunity. *See Mullenix v. Luna*, 577 U.S. __, __ (2015) (per curiam) (slip. op., at 5–6, 12); *see also Plumhoff v. Rickard*, 134 S.Ct. 2012, 2023 (2014); *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam).

Next, because we do not believe Defendants' use of force violated Arian's constitutional rights, Plaintiffs' *Monell* claim fails as a matter of law. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Finally, the district court properly granted Defendants' motion for summary judgment as to Plaintiffs' claims under California tort law. California Penal Code § 196 forecloses civil liability for justifiable homicide. *See Martinez v. Cnty. of Los Angeles*, 54 Cal. Rptr. 2d 772, 780 (Ct. App. 1996). As the district court correctly recognized, the test to determine whether a homicide is "justifiable" under California law parallels the reasonableness inquiry used to analyze federal constitutional claims. *See Hernandez v. City of Pomona*, 207 P.3d 506, 514–16 (Cal. 2009). Because Defendants' use of force was objectively reasonable under the Fourth Amendment, summary judgment was appropriate as to Plaintiffs' state tort claims.

**AFFIRMED.**

3